**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3107-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KARLA L. FREEMAN,

     Defendant-Appellant.

_____

Submitted May 6, 2024 – Decided August 30, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 04-02-0122.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Jeffrey C. McElwee, Jr., Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Karla Freeman appeals from the Law Division's March 31, 2022 order denying her second petition for post-conviction relief (PCR) without an evidentiary hearing. After a review of the arguments in light of the record and applicable principles of law, we affirm.

I.

In November 2006, a jury convicted defendant of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3), and second-degree robbery, the lesser-included offense of first-degree robbery, N.J.S.A. 2C:15-1, and acquitted her of first-degree murder, N.J.S.A. 2C:11-3(a)(1), and first-degree robbery. The two convictions were merged, and defendant was sentenced to a term of thirty years with a parole ineligibility period of thirty years. The details of defendant's offenses are recounted thoroughly in our unpublished opinion affirming defendant's conviction on direct appeal which need not be repeated here. State v. Freeman, No. A-1369-07 (App. Div. Sept. 10, 2010). Relevant to this appeal, we concluded defendant's conviction of felony murder was not precluded by her acquittal of purposeful or knowing murder or first-degree robbery, and the jury was given the proper jury instruction requiring a finding on causation before it found felony murder. The Supreme Court denied her petition for certification. State v. Freeman, 205 N.J. 100 (2011).

On March 2, 2011, defendant filed a PCR petition alleging ineffective assistance of trial counsel for failing to advise defendant to accept the State's pre-trial plea offer of fifteen years, and failure to locate, interview, and call a witness at trial who could have testified that defendant "consumed numerous alcoholic drinks" on the day of the murder and was intoxicated. Following the appointment of PCR counsel, a supplemental petition was filed raising additional claims that trial counsel was ineffective for failing to argue for dismissal of the indictment on double jeopardy grounds after the mistrial and for failing to discuss defendant's right to testify with her. Defendant also claimed appellate counsel failed to argue that the trial judge committed reversible error by denying trial counsel's request for a jury charge on conspiracy.

We affirmed the PCR court's denial of defendant's petition but remanded the matter to correct the judgment of conviction (JOC) to reflect the second-degree robbery conviction and not first-degree robbery. State v. Freeman, No. A-3386-14 (App. Div. Sept. 7, 2017). The JOC was corrected on October 2, 2017. Defendant's petition for certification was denied, State v. Freeman, 232 N.J. 303 (2018), followed by the denial of defendant's petition for writ of habeas corpus. Freeman v. Davis, 2021 WL 4705009 (D.N.J. Oct. 7, 2021).

A-3107-21

Defendant, then self-represented, filed a second PCR petition on October 20, 2020, claiming a vacation of her conviction was warranted because her right to effective assistance of counsel was denied at trial, on appeal, on her first PCR petition, and with her habeas corpus petition. She further argued her Fifth Amendment right against self-incrimination had been violated because her statements to the police were not suppressed at trial and that the conflicting theories of culpability presented at trial violated her due process rights. In a supplemental brief, PCR counsel raised the additional claim that trial counsel failed to request a charge on the affirmative defense for felony murder, that appellate counsel failed to appeal the denial of defendant's motion to suppress her statements, and that the time restriction should be relaxed for this second PCR.

Following oral argument, the PCR court issued a written opinion and a memorializing order on March 31, 2022, denying defendant's PCR petition. At the outset, the PCR court ruled defendant's second PCR was untimely pursuant to Rule 3:22-12(a)(2) because it was filed more than two years after her petition for certification on February 28, 2018, following the denial of her first PCR petition on January 5, 2015.

A-3107-21

The PCR court next determined defendant's second PCR was procedurally barred under Rule 3:22-5. The court explained defendant previously challenged the trial court's jury charge regarding felony murder on direct appeal. Defendant's claim that her first PCR counsel was ineffective because the first PCR petition was untimely is not supported by the first PCR court's ruling that the petition was not time-barred. Lastly, the PCR court further explained that defendant could have previously raised all other claims asserted in the second PCR, and therefore, the claims are barred under Rule 3:22-3 and -4.

The PCR court, nonetheless, addressed the merits of defendant's "new claims" of ineffective assistance of counsel. The court concluded defendant failed to meet the requisite criteria under Strickland v. Washington, 466 U.S. 668, 686 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987).

II.

On appeal, defendant presents the following argument for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIMS THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO REQUEST A CHARGE ON THE AFFIRMATIVE DEFENSE TO FELONY MURDER AND FAILING TO RAISE A SUPPRESSION ISSUE ON DIRECT APPEAL.

We review the legal conclusions of a PCR court de novo.  State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).  The de novo standard also applies to mixed questions of law and fact.  Id. at 420.  Where an evidentiary hearing has not been held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ."  Id. at 421 (emphasis in original).  We apply that standard here.  Id.

To establish a prima facie case of ineffective assistance of counsel, defendant must satisfy the two-prong Strickland/Fritz test by a preponderance of the evidence:  (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense."  Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 52.  A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition.  State v. Nash, 212 N.J. 518, 542 (2013).

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that [she] was denied effective assistance of counsel."  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  "[R]ather, the defendant must allege facts sufficient to demonstrate counsel's alleged

6

substandard performance." State v. Jones, 219 N.J. 298, 312 (2014) (internal quotation marks omitted) (quoting State v. Porter, 216 N.J. 343, 355 (2013)). Where a "court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR] or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing, then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (internal citations omitted); see R. 3:22-10(e)(1)-(2).

"[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." State v. Preciose, 129 N.J. 451, 476 (1992) (citing R. 3:22-5). Additionally, a defendant is precluded from raising an issue on PCR that could have been raised on direct appeal. State v. McQuaid, 147 N.J. 464, 483 (1997).

The application of these standards requires the "'[p]reclusion of consideration of an argument presented in post-conviction relief proceedings . . . if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal.'" State v. Marshall, 173 N.J. 343, 351 (2002) (quoting Marshall, 148 N.J. at 150). The same principle applies to issues decided on the merits in a prior PCR proceeding. A PCR claim is based upon

7

the "same ground" as a claim already raised by direct appeal when "'the issue is identical or substantially equivalent'" to the issue previously adjudicated on the merits. McQuaid, 147 N.J. at 484 (quoting Picard v. Connor, 404 U.S. 270, 276-77 (1971)).

Under Rule 3:22-4(b), a defendant is barred from raising any issue in a second PCR petition that could have been raised on direct appeal or in the first PCR petition unless one of three exceptions apply. The petition must "allege[] on its face" one of the three criteria: (1) "the petition relies on a new rule of constitutional law . . . that was unavailable during the pendency of any prior proceedings[,]" (2) "the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence," or (3) "the petition alleges a prima facie case of ineffective assistance of counsel" of prior PCR counsel. R. 3:22-4(b)(2)(A)-(C).

Rule 3:22-5 provides that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings." A PCR petition is not "an opportunity to relitigate a claim already decided on the merits." McQuaid, 147 N.J. at 483.

A-3107-21

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of counsel. Applying these principles, the PCR court analyzed and rejected defendant's second PCR petition claims as untimely and procedurally barred because the claims were adjudicated in her first PCR petition. Therefore, we need not consider defendant's argument a second time as we have already substantively decided the same issue in connection with the first PCR petition.

We are satisfied the second PCR court appropriately concluded an evidentiary hearing was not warranted because defendant presented only bald assertions. Defendant has not shown that trial counsel was ineffective. We discern no such abuse of discretion by the second PCR court.

To the extent we have not addressed defendant's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3107-21